UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
TRINITY BUI,                                      :
                                                  :    Case No.1:07-cv-4529 (SWK)
              Plaintiff,                          ::
                                                  :
vs.                                               :
                                                  :    **COMPLAINT**
JOHN MAZZUTO and INDUSTRIAL                       :   (Injunctive Relief Demanded)
ENTERPRISES OF AMERICA, INC.,                     :
                                                  :
              Defendants.                         :
----------------------------------------------------------x

     Plaintiff, TRINITY BUI ("BUI"),  by her attorney Nelson M. Stern, as and for her

complaint alleges as follows:

     1.     This is an action under the Securities Exchange Act of 1934 for equitable relief,

compensatory damages, attorney's fees, and costs of suit, resulting from Defendants' unjustified

refusal to comply with BUI's request to exercise warrants pursuant to written WARRANTS FOR

THE PURCHASE OF SHARES OF COMMON STOCK agreement dated April 15, 2005

("Warrants Agreement"),

## PARTIES

     2.     Plaintiff TRINITY BUI, is a natural person residing at 300 East 55th Street, New

York, NY.

     3.     On information and belief, Defendant JOHN MAZZUTO ("MAZZUTO") is a

natural person employed by Defendant IEAM as its *inter alia* CEO and lives at 420 East 61st

Street, Penthouse 23B,  New York, NY, 10021.

     4.     On information and belief, Defendant Industrial Enterprises of America, Inc.

("IEAM") is a public corporation organized and existing under the laws of the State of Nevada,

1

with it principal place of business at 711 Third Avenue, Suite 1505, New York, NY 10017. IEAM's shares are publicly traded on the Over-the-Counter Bulletin Board.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to 15 U.S.C. §§ 78aa, 78i, 78j, 78r,  and 28 U.S.C. § 1331.

6.      Venue is proper in this judicial district pursuant to 15 U.S.C. § 78aa, and 28 U.S.C. § 1391(b).

## FACTS COMMON TO ALL CAUSES OF ACTION

7.      On or about April 15, 2005, BUI and IEAM entered into the Warrants Agreement.

8.      The Warrants Agreement provides that BUI (the "Holder") is entitled to subscribe for and purchase from IEAM (the "Company") up to five hundred and twenty-five thousand (525,000) shares of the fully paid and nonassessable Common Stock, $.001 par value (the "Shares") of IEAM at the price of $.33 per share (the "Exercise Price") or on a net issuance or "cashless" basis as provided therein.

9.      MAZZUTO signed the Warrants Agreement on behalf of IEAM

10.      MAZZUTO is IEAM's CEO, self-proclaimed Chairman of the Board, President, and CFO, and its *ipso facto* owner.

11.      MAZZUTO wields absolute control over IEAM's business activities, including performance of its obligations under the Warrants Agreement and treats IEAM as his alter ego.

12.      In April 2007, in accordance with Paragraph 2(b) of the Warrants Agreement, BUI informed IEAM of her CASHLESS EXERCISE entitling her to 106,821 Free Trading

2

Shares of IEAM.

13.    During April 2007, the market price of IEAM stock was $7.00.

14.    Plaintiff intended to sell her shares of IEAM that she would receive from her Warrants.

15.    Defendants refused to comply with Bui's request for CASHLESS EXERCISE of the Warrants asserting  countless excuses and spurious arguments for non compliance with Bui's request.

## FIRST CAUSE OF ACTION
### (Violation of the Exchange Act by Both Defendants in the Wrongful Refusal to Allow Plaintiff to Exercise Her Warrants)

16.    Defendant MAZZUTO with malice and intent to harm Plaintiff BUI, declared to third persons intending that they rely thereon the falsehood that her Warrants were not to be honored and that her assertion to rights from the exercise of such Warrants was invalid and improper.

17.    A reasonably prudent person would anticipate that damage would flow from the false statement which it did by the refusal of IEAM to allow Plaintiff BUI to exercise her Warrants and sell her shares of stock.

18.    Defendant MAZZUTO and IEAM had no legitimate business interest in refusing to allow Plaintiff to exercise her Warrants.

19.    Defendant MAZZUTO was not acting to protect any legitimate business interest of IEAM in his refusing to allow the exercise of Plaintiff's Warrants.

20.    Defendants thereby violated her rights under the Securities Exchange Act of 1934.

3

21.    Defendant MAZZUTO intended to injure Plaintiff BUI personally and inflict financial damage on her by the refusal to allow her to exercise the Warrants.

22.    Plaintiff was injured thereby and demands that Defendants be ordered to comply with their obligations under the Warrants.

## SECOND CAUSE OF ACTION
### (Monetary Damages)

23.    All of the above is incorporated as if fully set forth herein.

24.    The market price of IEAM in May 2007, had fallen to $4.90.

25.    Plaintiff has been damaged by Defendants' denying her the timely right to exercise the Warrants and subjecting her to the reduction in the price of IEAM stock.

## THIRD CAUSE OF ACTION
### (Prima Facie Tort by Defendant MAZZUTO)

26.    All of the above is incorporated as if fully set forth herein.

27.    Defendant MAZZUTO intentionally published the falsehood concerning Plaintiff's exercise of her warrants to cause injury to her.

28.    Plaintiff BUI was injured there from.

## FOURTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress by Defendant MAZZUTO)

29.    All of the above is incorporated as if fully set forth herein.

30.    Plaintiff BUI has no means of support other than her own efforts.

31.    Defendant MAZZUTO was and is aware of  the financial chaos the denial of the right to exercise the warrants would have on Plaintiff.

32.    Defendant MAZZUTO, in a calculated attempt to economically, financially and

4

emotionally break Plaintiff, has caused his controlled company Defendant IEAM to sue Plaintiff twice for outrageous amounts of money and to deny her each and every right to IEAM stock to which she is otherwise entitled.

33.     In furtherance of his attempt to cause Plaintiff to experience emotional distress, MAZZUTO has caused IEAM to deny Plaintiff the right to exercise her rights pursuant to the Warrants knowing that there was no legitimate defense to their exercise and that the inability to cash in on the stock would cause Plaintiff severe emotional distress.

34.     Defendant MAZZUTO sought to and did cause Plaintiff BUI to suffer emotional distress from being the target of a continuing malicious business conspiracy to injure her emotionally and economically.

35.     Plaintiff in fact has suffered severe and extreme emotional distress and has been damaged there from.

**FIFTH CAUSE OF ACTION**
**(Legal Fees)**

36.     The Warrant Agreement provides for the award of attorney's fees and costs to BUI in Paragraph 14(e) thereof:

> "The Payor shall pay all legal fees and costs incurred by the Payee with respect to this transaction and said legal fees and cost shall be deducted from the principal sum to be paid to the Payor pursuant to the terms of this Warrant."

37.     Plaintiff demand an award of the legal fees and costs reasonably incurred in the prosecution of this action.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment:

On all Causes of Action against All Defendants:

    a.      Ordering Defendants to immediately perform pursuant to the Warrants Agreement by delivering to Plaintiff BUI 106,821 Free Trading Shares of IEAM;

    b.      Awarding Plaintiff BUI attorney's fees, litigation expenses, costs of suit and legal expenses pursuant to Paragraph 14(e) of the Warrants Agreement;

    c.      Awarding Plaintiff BUI such damages as are permitted by applicable law;

    d.      Granting such other and further relief as the Court deems just and proper.

On the THIRD and FOURTH Causes of Action against Defendant MAZZUTO:

    a.      Awarding Plaintiff BUI such damages as are permitted by applicable law of not less than $1,000,000,00;

    b.      Granting such other  and further relief as the Court deems just and proper.

Dated:  New York, NY
          May 25, 2007

Respectfully Submitted,

LAW OFFICE OF NELSON M. STERN

By:  _____/
     Nelson M. Stern (NS8646)
964 Third Ave., 5th Floor
New York, NY 10155
(212) 223-8330
(212) 371-2131 - Facsimile
Scooterlawyer@aol.com

6

This document was created with Win2PDF available at http://www.daneprairie.com.
The unregistered version of Win2PDF is for evaluation or non-commercial use only.